FILED - USDC ALSD
APR 9 '26 PM1:30

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

### for the

Southern District of Alabama  ▼

_____ Division

| | |
|---|---|
| Richard A. Hightower | ) Case No. $\underline{26\text{-}cv\text{-}128\text{-}JB\text{-}N}$ |
| | ) *(to be filled in by the Clerk's Office)* |
| | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Jury Trial: *(check one)* ✔ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| Don Gomien (Mobile County District Attorney's Office) | ) |
| Paul Burch (Mobile County Sheriff's Office) | ) |
| Walter Owen Bradley, et.al. (Mobile County Sheriff's Office) | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Richard A. Hightower |
| Street Address | 9524 MS 613 #1 |
| City and County | Moss Point, Jackson County |
| State and Zip Code | Mississippi 39562 |
| Telephone Number | 228-369-1753 |
| E-mail Address | zanymadcap@hotmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Don Gomien |
| Job or Title *(if known)* | Former Chief Investigator, Mobile County District Attorney |
| Street Address | 9350 Ben Hamilton Road |
| City and County | Theodore, Mobile County |
| State and Zip Code | Alabama 36582 |
| Telephone Number | 251-402-6373 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Paul Burch |
| Job or Title *(if known)* | Mobile County Sheriff |
| Street Address | 510 South Royal Street |
| City and County | Mobile, Mobile County |
| State and Zip Code | Alabama 36603 |
| Telephone Number | 251-574-2423 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Walter Owen Bradley |
| Job or Title *(if known)* | Mobile County Sheriff's Officer |
| Street Address | 510 South Royal Street |
| City and County | Mobile, Mobile County |
| State and Zip Code | Alabama 36603 |
| Telephone Number | 251-574-2423 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question                    ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Fourth Amendment Right to be free of unreasonable search and seizures, and Fourteenth Amendment Right to due process.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* Richard Hightower , is a citizen of the State of *(name)* Mississippi .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* , is incorporated under the laws of the State of *(name)* , and has its principal place of business in the State of *(name)* .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* Don Gomien , is a citizen of the State of *(name)* Alabama . Or is a citizen of *(foreign nation)* .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.     If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The nature of the Defendants' willful disregard for thier obligations of due diligence is egregious enough that it warrants a markedly high monetary sum, the better to help Defendants understand the extent to which their malicious negligence affects their victims and, indeed, the whole of society.

## III.     Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED

## IV.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    _____

### B.    For Attorneys

Date of signing: _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

Attachment for Part B. If the Basis for Jurisdiction Is Diversity of Citizenship

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, (name) Walter Owen Bradley, is a citizen of
    the State of (name) Alabama.

RICHARD A. HIGHTOWER
STATEMENT OF COMPLAINT

1.

Plaintiff, Richard Hightower, files this complaint against Defendants Don Gomien, Paul Burch, and Walter Owen Bradley, for acting under colour of law to deprive Plaintiff of rights secured by the Constitution of the United States. Specifically, on multiple dates (outlined below), Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, and the Fourteenth Amendment right to due process, by providing false information for the purpose of denying Plaintiff a bond, and committing perjury in violation of the Alabama Criminal Code, §13A-10-101 at a bond hearing to impede Plaintiff's motion for a bond. Further, one Defendant in particular violated Plaintiff's Fourteenth Amendment right of protection from excessive force by committing a criminal offense against Plaintiff, in violation of the Alabama Criminal Code, §13A-6-23.  Plaintiff seeks compensatory and punitive damages as well as other relief.

2.

**Defendant #1: Don Gomien**

On November 13, 2023, Plaintiff was arrested on a charge of first-degree voyeurism. Plaintiff was transported from Jackson County, MS, to Mobile County, AL, and interrogated for nearly one hour by Chief Investigator of the Mobile County District Attorney's office, Don Gomien (hereafter known as Defendant Gomien).  Plaintiff willingly complied and answered all questions posited by Defendant Gomien.

1 of 10

3.

During the interrogation, Defendant Gomien stated that Leanne Minhinnette had filed charges against Plaintiff for voyeurism involving her 9-year old daughter, K. S. Defendant Gomien stated that the alleged victim's mother, Leanne Minhinnette, was told by an anonymous source that Plaintiff committed the act of voyeurism against her daughter some four months prior to the date of arrest, during a church service at Roberts Chapel Church in Mobile, Alabama. Plaintiff denied the allegations vehemently and invited Defendant Gomien to inspect his phone and other devices. As the interrogation progressed with Defendant Gomien not getting the results he sought, Defendant Gomien changed his story to assert that Leanne Minhinnette personally witnessed the alleged offense. When Plaintiff reasserted his denial of the absurd charge, Defendant Gomien, in a last-ditch effort, yet again modified his tack and asserted that the alleged victim herself, K.S., was a witness to the alleged offense.

4.

Plaintiff never wavered in his passionate denial of the obviously fabricated charge. Defendant Gomien, however, determined to cast Plaintiff in as bad a light as possible, turned his focus on unrelated aspects of Plaintiff's life and attempted to relate them to the alleged victim.

5.

Defendant Gomien accused plaintiff of a number of things that were not criminal, but were, nevertheless, false. For example, Defendant Gomien asserted that Plaintiff was the piano instructor for the alleged victim. Plaintiff denied this. Plaintiff was, in fact, not the piano instructor of the alleged victim. Nevertheless, when Defendant Gomien

gave his story to the press, he emphasized that the reporters should state in their respective stories that Plaintiff was the piano instructor of the alleged victim, the better to portray Plaintiff as a predator who took advantage of a position of trust. Defendant Gomien's calculated untruths were maliciously designed to inflict as much damage as possible.

6.

Plaintiff was traumatized by Defendant Gomien's interrogation. At one point during his tirade, Defendant Gomien referred to the alleged victim, the 9-year-old K.S., as "a dirty whore". Defendant Gomien also accused Plaintiff of seeking out prostitutes.

7.

As the interrogation concluded, and while Plaintiff was in handcuffs, Defendant Gomien, having failed at his objective, resorted to his baser instincts by committing the crime of menacing against Plaintiff in violation of Alabama Criminal Code, 13A-6-23. Defendant Gomien sprang from his seated position and lunged toward Plaintiff, screaming and slamming his hand on the table. Defendant Gomien invaded Plaintiff's personal space far beyond professional standards, all the while screaming into Plaintiff's face and ears as he towered mere centimeters over Plaintiff in a threatening manner, showering Plaintiff's face in spittle, putting Plaintiff in imminent fear of serious physical injury. After the interrogation, Plaintiff was remanded into custody of Mobile County Metro Jail and denied bond based on false information.

8.

On March 21, 2024, after Plaintiff had been in Mobile Metro Jail for four months, a bond hearing was held for Plaintiff at the Mobile County Courthouse. Defendant

Gomien appeared before Judge Cheriogotis and, having been duly sworn, knowingly and willfully committed perjury in violation of the Alabama criminal code §13A-10-101, by testifying under oath that the mother of the alleged victim, Leanne Minhinnette, personally witnessed plaintiff commit the offense for which he was charged. This perjury was committed in the presence of assistant district attorney Dru Bishop, Plaintiff's court-appointed counsel, Scott Crongeyer, and Judge Cheriogotis himself. Judge Cheriogotis reset this bond hearing before making a decision based on Defendant Gomien's false testimony.

9.

One month later, on April 24, 2024, after Plaintiff had been in jail for five months, Judge Cheriogotis denied Plaintiff a bond based on the false testimony of Defendant Gomien.

10.

Yet another month later, on May 14, 2024, after Plaintiff had been in jail for six months, another bond hearing was held wherein Plaintiff presented evidence along with several witnesses who testified that Plaintiff was never anywhere near the scene of the alleged offense at any time. For this hearing, Plaintiff hired a stenographer, hoping to secure a written record of Defendant Gomien's perjury. Defendant Gomien was, doubtless, notified by assistant district attorney Dru Bishop in advance of the hearing that a court reporter would be there to document his perjury, for he was conspicuously absent from that hearing. Based on the testimony of several alibis and incontrovertible video evidence, Plaintiff was finally granted a bond (albeit an unconstitutionally high bond).

11.

Nine months later, on February 18, 2025, the Mobile County grand jury returned a no-bill for Plaintiff's charge. Mere days after that, Defendant Gomien was quietly fired from his position as Chief Investigator of the Mobile County District Attorney's Office. Plaintiff has a good faith belief that Defendant Gomien's departure from the district attorney's office was directly related to Plaintiff's case for numerous reasons. Aside from Defendant Gomien's aforementioned perjury in open court, Defendant Gomien has a documented history of perjury/providing false information. He was adjudicated guilty in 2021 by the Alabama Security Regulatory Board on three separate occasions of knowingly providing false information and falsely presenting himself as a license holder. For these numerous convictions, Defendant Gomien was sentenced to one year probation. Despite these convictions, Mobile County District Attorney Keith Blackwood allowed Defendant Gomien to continue working for the Mobile County district attorney's office after the convictions and while he was on probation.

12.

Further, Defendant Gomien is currently, and has been for years, a close personal friend of the alleged victim's mother, Leanne Minhinnette. Defendant Gomien's brother, Daryl Gomien, works with Leanne Minhinnette's current husband, Jimmy Minhinnette at Daryl Gomien's pool company, Poolmaster Services, Inc. Because of his close personal relationship with Leanne Minhinnette, Defendant Gomien violated the Mobile County district attorney's Office code of ethics, as well as circumvented and violated the law in a vainglorious attempt to prosecute Plaintiff. The fact that Defendant Gomien concealed his close personal relationship with Leanne Minhinnette further exacerbates

the violation of Plaintiff's right to due process because of the conflict of interest, impairment of objectivity and professional judgment, as well as improper influence and bias.

13.

Plaintiff asserts that the facts that will narrow the focus of the violations of his rights will be found in discovery. While Defendant Gomien may be able to successfully argue a claim of qualified immunity by arresting Plaintiff on triple-hearsay, Plaintiff asserts that Defendant Gomien lost his right to qualified immunity when he converted that triple-hearsay into a first-hand account at Plaintiff's bond hearing, when he testified under oath that the alleged victim's mother, Leanne Minhinette, claimed to have witnessed the alleged crime herself.

14.

Because of all the aforementioned ethical and moral turpitude of Defendant Gomien, Plaintiff asserts that Defendant's intent falls far short of "good faith" and lands squarely within the realm of malicious prosecution. In addition, Defendant Gomien colluded with Mobile County Sheriff Deputy Walter Owen Bradley to falsify documents which were instrumental in Plaintiff being granted no bond. (Details on Defendant Bradley's involvement to be found in the section below).

15.

**Defendant #2: Walter Owen Bradley**

Mobile County Sheriff Deputy, Walter Owen Bradley (hereafter, Defendant Bradley) stated in his Declaration of Probable Cause (form MCSO MJ-PC) that Plaintiff was arrested "on scene", implying Plaintiff was apprehended *in flagrante delicto*, which

carried more weight of presumed guilt. Plaintiff was not apprehended "on scene". In fact, Plaintiff was arrested nearly forty miles from the scene of the alleged offense, and more than four months after the date of the alleged offense. Defendant Bradley provided no other information to justify his assertion of "probable cause" for Plaintiff's arrest.

16.

Based on court documents, Defendant Bradley, acting under the direction of Defendant Gomien, is responsible for the false information handwritten on an arrest report. For example, Defendant Bradley stated in his affidavit, as a reason to deny bond, that Plaintiff would soon be homeless. This was a false statement. Defendant Bradley stated that Plaintiff had three prior Indecent Exposure convictions in Mobile County; also false. Defendant Bradley stated that Plaintiff had a burglary and voyeurism conviction from 2014; also false. Defendant does not have a burglary or voyeurism conviction from 2014. Defendant Bradley stated that Plaintiff was expected to have multiple felony charges pending; also false.

17.

Plaintiff has a good faith belief that the evidence in support of his claim can be found in the interviews of Leanne Minhinnette and whomever else anonymously imparted the hearsay instrumental in plaintiff's arrest, as well as video footage of Plaintiff's bond hearing provided by the cameras mounted in the courtroom at Mobile County Courthouse. Before initiating the action before this Honourable Court, in an attempt to exclude some of the Defendants and obtain the aforementioned evidence, Plaintiff filed an FOIA request with the Mobile County Sheriff department in August 2025

to obtain videos of the interviews and any and all other evidence in their possession. The attorney for the Sheriff's department responded almost immediately, in full compliance with the law, notifying plaintiff that the Sheriff's Department was not in possession of any evidence, and advised Plaintiff to direct his inquiries to the Mobile County district attorney's office. Plaintiff filed the requisite FOIA request with the district attorney's office on September 6, 2025, via certified mail. After waiting more than a month for a response, Plaintiff enlisted the help of a friend, who filed another FOIA request for the same information on October 21, 2025, also via certified mail.

18.

At the time of the filing of this complaint, the district attorney's office has not responded in any way to either of the two requests. They did not respond within the allotted fifteen business days with the requested evidence; nor did they respond within the allotted 10 business days to inform Plaintiff whether they would fulfill or deny Plaintiff's request.

19.

Finally, Plaintiff has a good faith belief that other Defendants may have played a role in violating Plaintiffs rights, but Plaintiff will not be certain until he is able to examine all the evidence. For example, Mobile County District Attorney's office Investigator Riley Stewart, II, and Officer Daryl David Carpenter, may likely be named as Defendants. Plaintiff wishes to make it known that he hopes to be able to amend his complaint to include Riley Stewart, and others, if evidence points to them.

## DEMAND FOR RELIEF

Plaintiff is seeking $1,000,000.00 in compensatory and punitive damages. Compensatory damages include money spent in attorney fees, private investigator fees, court reporter fees, bond fees, electronic monitor fees, lost wages, etc., estimated at more than $30,000. Punitive damages include mental anguish and distress suffered by Plaintiff as a result of the malicious prosecution and completely false information maliciously disseminated by Defendants to the public via news media with intent to damage his reputation.

Plaintiff also requests the following:

- That Defendants Gomien, Bradley, et. al., be barred from ever giving testimony in any court proceeding.

- That Defendants Gomien, Bradley, et. al., be placed on the Brady (Potential Impeachment Disclosure) List.

- That Defendants Gomien, Bradley, et. al., be investigated by the Department of Justice, as well as the American Civil Liberties Union for all manner of misconduct, criminality and civil rights violations.

- That every case influenced by the words and deeds of Defendants Gomien, Bradley, et. al., be re-examined for the likelihood of false testimony, falsifying of documents, obstruction of justice, and evidence tampering.

Plaintiff understands that his complaint will likely not proceed and that no action will be taken; he acknowledges that the Defendants, as agents of the state, have state

lawyers working on their behalf. Because of Plaintiff's lack of faith in this process, Plaintiff will also be sending a much more detailed account of Defendant Gomien's perjury and subterfuge to the Alabama Attorney General, the State Bureau of Investigation, the Governor of Alabama, The Alabama Department of Justice, and The American Civil Liberties Union, as well as notifying them that Defendant Gomien was allowed to continue working as chief investigator for the Mobile County District Attorney's office after he was convicted of his crimes. Plaintiff will also be filing a complaint against Mobile County District Attorney Keith Blackwood for his role in these corrupt acts. These complaints will also be forwarded to every news agency that covered Plaintiff's arrest, for Gomien is a rapist of constitutional rights, a perverter and violator of the law, and a predator who manipulates words and falsifies information, not in the interest of justice, but for his own morally corrupt ends, the furtherance of his dirty career, and the advancement of his status and public image at the expense of the poor and defenseless. He is a cancer in the justice system that has been allowed to metastasize under the aegis of the State of Alabama and its agents.

10 of 10